## Wetzel v. Wetzel.

*Divorce — Weak-minded respondent — Intervention of guardian — Act of May 4, 1921.*

1. Where a guardian is appointed for the respondent, the wife, in a divorce proceeding, such guardian has a right to intervene and protect his ward's interests.

2. Where, pending a divorce proceeding in one county, a guardian is appointed by proceedings in another county for the respondent, a weak-minded person, and the libellant appears in such proceedings, he cannot thereafter object to the jurisdiction of the count which appointed the guardian and claim that the latter has no right to intervene in the divorce suit.

3. If the libellant was prejudiced by the decree appointing the guardian, he had his remedy by appeal.

4. It seems that a court having jurisdiction of the person of a weak-minded person has jurisdiction to appoint a guardian, although such person has no property within the county.

Act of May 4, 1921, P. L. 343, considered.

Rule for permission to intervene. C. P. Schuylkill Co., May T., 1921, No. 157.

*Edgar W. Downey* and *C. W. Palmer*, for libellant.

*J. M. R. Jermon* and *M. J. Ryan* (of Philadelphia), and *Burke & Burke*, for petitioner.

BECHTEL, P. J., April 3, 1922.—In this case matters were so proceeded with that a master was duly appointed and two meetings held by him. Whereupon, on July 23, 1921, John Koch, residing at Bristol, Pa., presented his petition, alleging that he was the brother of the respondent, and that respondent was insane, and asking permission of the court to intervene as next friend for the purpose of defending the suit. Upon this petition a rule was granted to show cause why he should not be permitted to intervene. Thereupon an answer was filed by libellant, and the matter was not pressed further.

On Aug. 15, 1921, John Koch filed his petition for the appointment of a guardian for Mary J. Wetzel, a weak-minded person, in the Court of Common Pleas of Bucks County. To this petition William James Wetzel, libellant in the case now before us, filed an answer. A hearing was held, and the court of Bucks County duly adjudicated the said Mary J. Wetzel a weak-minded person in accordance with the provisions of the Act of May 28, 1907, P. L. 292, and appointed John Koch her guardian, who duly qualified. Thereupon the said guardian presented his petition to this court, praying leave to be permitted to intervene in the said divorce proceedings and to defend in behalf of Mary J. Wetzel, who, by reason of her mentality, was and is unable to defend said suit.

To this petition an answer has been filed by William James Wetzel attacking the regularity and legality of the proceedings in the Court of Common Pleas of Bucks County, and alleging want of jurisdiction in said court by reason of the fact that said Mary J. Wetzel did not own or possess any property or real estate. There can be no question that the courts of Bucks County had jurisdiction of the parties, because the residence of Mary J. Wetzel in said county is not denied, and William James Wetzel filed his answer there and submitted himself to the jurisdiction of said court. It is contended that, since the record does not show the ownership of property in Mary Wetzel, the court of Bucks County was without jurisdiction to appoint the said guardian. We are of opinion that we have no right to review the proceedings of the Court of Common Pleas of Bucks County, and while counsel earnestly contend that we are not being asked to review said proceedings, still the

1 D. & C.

effect of his contention would be either that we should treat the proceedings in Bucks County as nugatory and void, or decide that the court had no jurisdiction to make the order which it entered. This is not within our province. If William Wetzel has been prejudiced by said order, or if said court has acted illegally or without jurisdiction, he can appeal from the order entered in said case and have the error corrected by the proper tribunal. We are bound by the adjudication and the appointment of the guardian in Bucks County.

Nor do we feel that there is any merit in the contention that the guardian should not be permitted to intervene or has no legal right to intervene in these proceedings. The 6th section of the Act of 1907 provides that the guardian so appointed shall have precisely the same powers, and be subject to the same duties, as a committee on lunacy in the State of Pennsylvania. See, also, Act of April 18, 1905, P. L. 211. Counsel contend that the guardian is the guardian of the property only and not the person of the weak-minded individual, and, therefore, that there is no law by which she could present a defence to a divorce proceeding. This position seems to us to be utterly without merit. Surely the Bucks County court have jurisdiction to determine the mentality of people resident within said county. Having done so and appointed a guardian, surely that guardian has the right to intervene and defend one who is unable by the act of God to defend himself. Further than this, the Act of May 4, 1921, P. L. 343, recognizes the right not only of guardians to intervene, but of the next of kin, and provides that this right shall exist in all proceedings in any court in this Commonwealth in which a weak-minded person or lunatic is a party or concerned.

The rule to show cause why John Koch, guardian, should not be permitted to intervene in these proceedings is herewith made absolute and the said John Koch, guardian, is permitted to intervene in this case with same force and effect as if originally served.